## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JERRY L. ALSTON, and TRIPLE 7
PARALEGAL SERVICES

      Plaintiffs,

    v.

DELAWARE DEPARTMENT OF JUSTICE
VICTIM/WITNESS SERVICES, unknown agents,
DELAWARE JUSTICE OF THE PEACE COURT,
OFFICIAL PARROTT, individually and as an agent of the
JUSTICE OF THE PEACE COURT, DELAWARE
DEPT. OF SAFETY AND HOMELAND SECURITY,
CAPITAL POLICE and OFFICER JEFF DESAULNIERS,
individually, and as an agent of the DELAWARE CAPITAL
POLICE, TRINETTE R.-SCOTT individually
ADMINISTRATIVE OFFICE OF THE COURTS,
COURT ON THE JUDICIARY and the OFFICE OF
DISCIPLINARY COUNSEL and the DE SUPREME COURT
SUPERIOR COURT, and the COURT OF COMMON PLEAS
JUDGE VAUGHN in official capacity, agent of State PATRICIA
MURPHY & LINDA CARMICHAEL as a agent of the State

      Defendants.

0 7 - 2 4 6

COMPLAINT TO THE DISTRICT COURT OF OBSTRUCTION OF JUSTICE A
CRIMINAL ACT OF THE TRIAL JUDGE VAUGHN, AND THE STATE COURT.
COMPLAINT OF PURPOSEFUL SYSTEMIC RACIAL PROFILING.
COMPLAINT OF INSTITUTIONAL RACISMS AS A ENTERPRISE OF THE WHITE
SUPREMACIST STATE COURT SYSTEM. COMPLAINT OF PURPOSEFUL
DENIAL OF THE FEDERAL CONSTITUTIONAL GUARANTEE OF THE EQUAL
PROTECTION OF LAW AND DUE PROCESS OF LAW CIVIL RIGHTS
PURPOSELY VIOLATED AT THE STATE COURT LEVEL

# I

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

**NOW COME** the aggrieved oppressed citizen, Petitioner, through written complaints

pursuant to the invoked civil rights guarantee inherent in the U.S. Constitution and

federal law the law of the land. Specifically inherent in the United States Constitution is

1.

the civil right of complaint in particular regard to the settled foundation of law established for that specific intent pursuant to due process of law and the equal protection of law in a federal constitutional civil rights application and context. The United States Code, and the Civil Rights Act of 1964 federal law are particularly identified and invoked in the filing of complaints pursuant to <u>The Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware as amended Jan.15 1995.</u> Be advised and take particular written notice from the litigant, petitioner, complainant, identifying and specifically invoking section <u>III  PLEADINGS AND MOTIONS</u> Rule 7.1.1.which is invoked pursuant to written notice whereas several motions are filed in both the Delaware Supreme Court and the District Court for Delaware simultaneously in conjunction with this particular action. Be advised and take particular notice of a American citizen an Amer-African citizen a person of non white skin appearing <u>pro se</u> before this Honorable historically Caucasian dominated Court in particular regard to the foregoing information and facts herein establishing both status and legal standing reference in particular to 7.1.1 in particular regard to a civil rights complaint whereas racial discrimination is a core issue. Be advised and take particular written notice invoking Rule 7.1.2 (a)(b)(c) and 7.1.3 (1-7) (c) <u>Contents of Briefs</u> (1) Take notice of complaint from a WHISTLE BLOWER by application of the particular definition purpose and intent pursuant to the intent of the law whereas racial discrimination is a core issue in regard to the protection for the whistle blowers placed in adverse circumstances. Complainant in invoking the law is not a government employee. Written petition asserting that specific standing, status circumstances and intent of a WHISTLE BLOWER to the District Court for Delaware is identified in particular regard to the

contrast and comparison between the disparity of the parties whereas a citizen opposes the State and the absolute power and authority of the State versus any citizen, under such conditions noted where race is at issue and race is a issue, the individual of non white skin is relatively powerless and has no relief or real legal remedy at the State court level. The complaint regarding intentional illegal court imposed racial profiling, and purposeful obstruction of justice dynamics, as a court imposed enterprise is accurate valid, well pled and well documented complaint. Purposeful and foreseeable criminal acts of the trial Judge Vaughn in concert with Patricia Murphy in the court below and the specific issue of long term court imposed institutional white supremacy as a objective of the Court are addressed as key and core issues in regard to the State court as an entity demonstrating racial bias, which forms the basis of and for complaint to a Federal Courts jurisdiction. Whereas, no legal remedy or real relief exists at the State Court level due to institutional racism complained of. Be advised of written notice incorporating through reference thereto the contents of the Appeal filed to the Delaware Supreme Court March 9 2007 and Reply Brief, take notice of the contents therein the appeal and reply briefs which form the basis for the legal foundation of noted cause and the factual background in and to the current action before the District Court. Be advised and take notice of reference to and reliance on the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of 1996 generously cited as a unimpeachable source of objective proof of both long and short term racism perpetrated by the State provided by the State. The States publication referenced is in fact relevant, pertinent, inextricable, and indispensable to just solution of this current matter in complainants favor in terms of evidentiary proof of the States corrupt intent and motives being placed before a jury in a Federal Court.

Complaint is taken and is made in plain language by a Para–Legal, a pro se, non Caucasian, legal professional, and a non lawyer, with a current 2007 State of Delaware Business License, Triple 7 Para-legal Services, living and working within the State. Be advised and take notice in particular invoking the WHISTLE BLOWERS PROTECTION ACT of 1989 to the extent that it is practical, and specifically applicable in framing petitioner's unique complaint situation circumstances and intent whereas petitioner is not a government employee. In particular regard to the intent of invoking the Whistle blowers act the following is noted for the record regarding components of the act "Good faith whistleblowers represent the highest ideals of public service and the American tradition for individuals to challenge abuses of power." "Putting loyalty to the highest moral principles and to country above loyalty to persons, party or government department" "They act as the human factor that is the Achilles heel of bureaucratic corruption." "They provide the pluralism of views and competitive diversity of information necessary for the checks and balances in a democracy." The particular whistle blowers act is invoked.

1. The Plaintiff Below filed suit in the Superior court of the State of Delaware in and for Kent county, sought money damages for Defendants failure to arrest Defendant Scott for violation of a no contact order. Upon the State Defendant motion countered in writing as without merit, summary judgment was improperly granted outside of the established rule 12(b)(6) and 10 Del. C Sec.4001. The proper protocol for both laws referenced were purposefully violated by both Judge Vaughn and Patricia Murphy due to judicial corruption and unmerited favor dismissal was granted to the State Defendants. Appeal filed before the Delaware Supreme Court as of right is filed in an environment whereas petitioner has absolutely no faith in the Delaware Supreme Court, or the history of the

4.

administration of the court in this case on appeal whereas color and status are at issue. Appeal was taken as of right to procedurally and factually exhaust all remedy below.

2. Although denied the undersigned counsels Patricia Murphy and Linda Carmichael and the court below were and are engaged in a racial conspiracy against petitioner due to race and status factors noted in the complaint. The Superior Courts decision to dismiss the appellant's action below is not and was not supported by either the record of proceedings or substantial due process or the evidence and is therefore a gross and clear legal error.

3. Although denied by the State there is no statute limitation on the complaint made to the jurisdiction of a Federal Court of judicial corruption predicated on racial factors identified at the State Court level. Whether or not a statute of limitation exists as to any criminal activity alleged by the appellant and proven by the record is absolutely relevant to the instant action at the District Court level a Federal Court whereas appropriate relief is sought. Current complaint is a valid complaint taken against racial profiling and racial discrimination and the present action is also based on judicial corruption and racism.

4. Although denied that any criminal racial profiling took place by the undersigned named counsels they the named actors did in fact engage in purposeful unlawful racial profiling as described in the appeal and instant action. The racist court decision is a aberration and not supported by the record coerced by the court and is not free of material procedural error relating to judicial corruption in terms of manipulating motion practice unlawfully.

5. Although denied Superior court Judge Vaughn is guilty of racist acts in particular to corrupt intent in purposeful violation of 10 Del. C 4001 and is not immune from suit as a matter of law specifically due to actionable bad faith intent on the part of Judge Vaughn.

6. Although denied the courts erroneous decision to dismiss below was clearly racist and

5.

not supported by the record, the evidence, due process or proper protocol or established procedure lacking discovery wrongfully and unlawfully omitted by the biased court.

7. Written complaint herein is taken against the State specifically. In a civilized and unbiased environment truth and justice must always prevail over falsehood in any objective analysis whether or not one is a lawyer or a non lawyer, is irrelevant, credibility and integrity in particular must resolve the dispute on merit, that the facts and arguments presented by Patricia Murphy on the record are proven to be false unreliable fraudulent and fallacious in purposeful violation of the spirit and the letter of appellate review.

8. "The Plaintiff had the burden of proving the absence of one or more of the criteria or the elements of immunity. 10 Del. C Sec. 4001(3); Id. at 251." (In the instant action) because **the plaintiff did not articulate any allegation** that any State defendant acted in bad faith or outside the scope of their official duties, the Superior Courts analysis was limited to whether the defendant acted with gross or wanton negligence. The Plaintiff had and carried the legal burden successfully, articulating allegations in the instant action the State Defendants acted in bad faith and or outside of the scope of their official duties.

9. Complaint is taken against the State Court system as an entity an organization in particular regard to the Delaware Supreme Court, Superior Court, Court of Common Pleas, and Justice of the Peace Court, suit is herein filed in the Federal Court jurisdiction within the State for good and proper cause in the Federal and State law as a civil rights and Constitutional rights complaint of purposeful State sponsored racketeering, violating civil and Constitutional rights. Proof, on the record exist in this case, specific to racial discrimination and racial profiling as a documented specific goal and short term objective of the State. State sponsored patterns of long term and short term racist conduct as a

purposeful white supremacist enterprise are documented by the State. The specific acts complained of are identified as purposeful acts in adverse impact with much the same purpose as any criminal enterprise, which is to maintain the status quo of influence and control in covert and secret unlawful conspiracy in the illegal maintenance of the white supremacist status quo exclusively control by whites and gain exclusive benefit from due to race as opposed to merit factors, color considerations as opposed to omitted integrity.

10. Complaint is taken pursuant to purposeful systemic institutional dysfunction through racism as a enterprise in the racketeering R.I.C.O. sense. Denial of the equal protection of law and due process of law including civil rights violations of the known Federal Constitutional guarantee at the State Court level inherent in the transcript of record of July 28 2006 and the Court order of Oct.30. 2006 form the foundation of the complaint. The contents of the court Order of Oct 30 2006 favor the hearing of the complaint on merit by a federal court and the granting of a change of venue to the District Court for Delaware for hearing of this action. The Delaware Superior Court by and through Judge Vaughn acted with purposeful unlawful bias against complainant pursuant to Rule 12 (b)(6) standards and requirements and justice was not carried out intentionally in this case. Be advised and take notice of this written incorporation notice specifically invoking the contents of the following document into this filing for informational purposes and is noted as inextricable from framing the issues raised in the complaint filed before this court. [APPEAL TO THE DELAWARE SUPREME COURT AND DOCUMENT OF RECORD OF MOTION FOR CHANGE OF VENUE TO THE DISTRICT COURT FOR FURTHER PROCESSING OF THJE ACTION BEFORE A JURY DUE TO SYSTEMIC LOCAL RACIAL DISCRIMINATION AND ADVERSE RACIAL BIAS REGARDING

7.

CODED CASE LAW AT THE STATE SUPREME COURT LEVEL BRIEF] the specific 40 page document referenced hereinabove was filed Mar. 9 2007 in the Delaware Supreme Court as of right. The specific document was filed by this particular petitioner on Mar. 9 2007 to circumstantially exhaust all possible remedy in the State court below.

## SUMMARY OF ARGUMENT

11. The State Court has by any reasonable or objective analysis acted dysfunctionally and factually as a white supremacist court. Be advised and take notice of a Summary of Argument section that herein seeks consideration under Rule 16.1 1-3 and 16.2 as a Complex Case whereas certification would be necessary as such circumstantially. Be advised the dismissal hearing transcript produced in the Delaware Superior Court July 28 2006 decided Oct. 30 2006 is relevant, inextricable, and indispensable to just resolution and proper processing of this case before a jury and is herein incorporated through reference thereto herein. The transcript is plead as factual evidentiary proof of racial profiling, and gender and other forms of bias from the trial Judge against the petitioner interest that in fact prevented a fair hearing as required by law. Complaint is taken in this court and appeal has been filed before the Delaware Supreme Court as of right. There is no dispute as to the material fact to date there has been no discovery in this case of any kind. Be advised and take particular notice. at no time did plaintiff make ANY admittance at any time on the record or made any statement of any kind, to any of the defendants, who have misquoted the record to the court whereas no discovery was permitted by the biased court whereas petitioner filed the proper motion for that purpose.

12. For example page 4 of the Transcript of Dismissal Motion hearing July 28 2007 references Patricia Murphy addressing the court as follows "Corporal Desaulniers entered

into his dialogue that he does with victims, and asked if Mr. Alston felt threatened or harassed by this specific contact, and [Mr. Alston said he did not.] **Mr. Alston: I object.** The record shows this purposefully and materially false improper statement falsely attributed to the plaintiff by Patricia Murphy improperly below in open court, was objected to on July 28 2006 and specifically objected in writing pursuant to the favor requirement of rule 12(b)(6) favoring the petitioner. The record demonstrates nevertheless the materially false statement found its way into Judge Vaughn's Order stated as a fact which it is not. The statement stands as evidentiary proof of intentional obstruction of justice by both the Judge Vaughn and Patricia Murphy due to the controlling and established fact the plaintiff below as a matter of law controlled what plaintiff has or has not said as a matter of law, especially whereas no discovery has been permitted by the biased court. The issue is resolved by proper application of rule 12 (b)(6) an established legal standard not to be purposefully and arbitrarily obstructed by the biased Judge Vaughn and or Patricia Murphy due to clearly unlawful motives and documented illegal racketeering activities. Judge Vaughn's reliance on this false statement known to be false identifies the courts corrupt intent unlawfully in violation of Rule 12(b)(6) to aid and abet the defendant's false version of the material fact at issue. 13. The State Court has adopted a adverse standard in a purposeful manner consistent to racial profiling. The unlawful "less stringent standards" exists and was manifest on Oct. 30 2006 when and whereas Judge Vaughn acted objectively unreasonably and against the law specifically Rule 12 (b) (6) legal requirements and the State law in regard to application of 10 Sec 4001 in merit less favor wrongfully granted to the defendants whereas the relevant law says page 4 paragraph 5 Judge Vaughn's Order of Oct.30. 2006

"The **court must** draw all reasonable inferences **in favor of the plaintiff**." It is in fact a reasonable inference that plaintiff below did not say what he has objected to in open court and repeatedly in writing prior to July 28 2006 and the Oct 30 2006 court order. The court has acted unlawfully omitting discovery purposefully which hearing of discovery would have resolved all the factual issues in favor of the Plaintiff-below Appellant-complainant. It is objectively unreasonable extreme and outrageous conduct that Judge Vaughn was not aware of the objection on the record and or the law in regard to application of Rule 12 (b)(6) requirements. The only objectively reasonable explanation is that this is a valid example of a corrupt intent on the part of Judge Vaughn who in fact knew the law he violated intentionally. The Judge's intent was and is to defraud the plaintiff-below of his civil rights protection and manipulate the record through a deliberate misapplication of the law and rule of law in favor of the defendants below illegally. Prior cases filed by complainant in the State Court system and before the District Court conform to the pattern of conduct documented as purposeful activities identified in R.I.C.O. and in the continual violation theory. Judge Vaughn specifically violated Rule 12(b)(6) with malicious intent and he violated the known and established legal standards and principals required for judicial review in a Delaware Court with tortuous and malicious purpose and intent. It is argued that no one is above the law. No Judge has the legal right to break the law, with impunity shielded by the badge of the States authority. Specific to a long term documented pattern of denial of due process arbitrarily, and suspension, of justice or due process of law circumstantially and or the denial of the equal protection of the law as a enterprise, as a matter of racial and or status bias this complaint addresses that with specificity and particularity. Judge Vaughn has no

10.

legal right pursuant to purposeful misapplication of Del. C. Sec.10 4001 to change the constitutional operation or requirements of State law, or Federal due process of law and the equal protection of the law, or specifically the civil right of unbiased due process of law from the bench. The specific noted pattern of conduct is not a new one it was the particular pattern of racist conduct of Judge Witham, Judge Ridgely, Judge Mckelvie, Judge Bifferotto, Judges Trader, Judge Berger, Justice Veasey and others. Current example exist of racist and other wise white supremacist judges in the Delaware court.

14. It is the response and demeanor of Judge Vaughn on the record 28 July 2006 that called his racist intent into question as well the subsequent information in the courts order of Oct 30 2006 that identify tortuous conduct and intentional conspiracy to obstruct justice between the trial Judge and Patricia Murphy for example, there is no dispute that the record demonstrates that the court through Judge Vaughn said "Okay, We'll let her complete, and then you go ahead and make your presentation, Mr. Alston,. It not normal its normal, when there is a ongoing trial and a witness on the witness stand, its normal for parties to object in the middle of the testimony, et cetera; but when people are addressing the Court, ordinarily you don't object". In fact the record demonstrates that when Patricia Murphy lied in open court July 28 2006 the deception was noted with objection, the record demonstrates Patricia Murphy was protected and aided and abetted by Judge Vaughn even though Plaintiff objected in open court it was plaintiff who was sanction by the biased court. The law is clear and established regarding legally controlling language by the author the plaintiff and because the statement was not in fact true and is proven to be untrue by the record in the court below as a matter of record where no discovery was permitted. The suggestion from Judge Vaughn that any legal counsel's testimony is that

11.

of a fact "witness on the witness stand" is bad law and suggest a legal counsels assertion have any weight once challenge by the proper author witness with an objection. In fact as a matter of law there was no "Witness on the witness stand" when Patricia Murphy lied and other wise twisted the facts. Counsel statements are not evidentiary in the sense she is a "witness" to anything in fact. She could not be a "witness" to what was not said, the objection was proper factually and procedurally. Nevertheless the following materially false assertion from Judge Vaughn can be found stated as a fact asserted by "**Plaintiff admitted to Cpl. Desaulniers that he did not feel threatened or harassed by the mailing of the Playstation**" This is the smoking gun factual example a demonstration of a violation of procedural due process of law by a trial Judge intentionally relating to unmerited favors as a matter of law. The law required Judge Vaughn to refrain from his bias conduct whereas favor is mandated in favor of the plaintiff as a matter of law. Judge Vaughn had no legal right to assert the defendants version of the fact especially when Judge Vaughn has denied discovery hy the plaintiff whereas there has been a purposeful unprecedented omission of required motion practice by the biased trial Judge at issue whereas discovery hearing would have resolved all of the factual issues in dispute in favor of the Appellant to include the fact the statement above is a lie and was never made. 15. Whereas Rule 12 (b)(6) standards absolutely required the trial judge to resolve the false statement attributed to Cpl. Desaulniers in dispute with the plaintiff's version of the material fact, in Plaintiff's favor whether or not Judge Vaughn wanted to, as a matter of law he had no choice it is noted, it was not a discretionary option of the Court to not grant favor to the non moving plaintiff as a matter of law, it was and is a violation of the law, knowingly and intentionally violated by the purposeful actions of Judge Vaughn.

12.

Violation of due process of law is a violation of a civil right and a liberty protected by the U.S. Constitution. Due process of a Rule 12 (b) (6) dismissal motion tied Judge Vaughn hands to the letter and the spirit of the law which required <u>"drawing all inferences in favor of the plaintiff and reading the pleading in a light most favorable to the plaintiff" as taken from paragraph 12, page 4 of</u> the order from which quotation from Judge Vaughn is made and from which this complaint of racial bias is taken apparent as to what the law required. Judge Vaughn was fully aware of both the spirit and the letter of the Rule of law he violated and his actions are consistent with a pattern of judicial misconduct dating back to Judge Ridgley in regard to *Alston v. Hudson Jones and Jaywork in 1997.*

16. Given the undisputed record, Plaintiff's objection to the false assertion by Patricia Murphy as a matter of law was proper under these unique circumstances. The dispute as to what the Plaintiff said on the record and what defendants said Plaintiff said as a matter of law is always resolved in favor of the plaintiff the author. There is no dispute the pleadings should have been read in a light favorable to Plaintiff and were not as evidenced by the order of Oct.30 2006 due to long term pattern of systemic purposeful racial bias complained of. Violation of petitioners civil right to legal equity and to the equal protection of the law and due process of law is against the law, and in consideration of due process requirements of Rule 12 (b)(6) are a demonstration of purposeful bias. and established Rule 12 (b)((6) standards of review were intentionally and purposefully not met due to a documented pattern of racial abuse. The undisputed record in this particular case supports hearing the particular complaint due to significant question raised in regard to the particular contents of the Court order of 30 Oct. 2006 in clear and purposeful violation of the law and procedural due process of law requirements with intent.

17. There is no dispute as to the material fact, there is one God and likewise, there is one, U.S. Constitution. God's law and authority are exclusive as is the U.S. Constitutions authority. God's law recognizes one standard and absolutely no respect for persons, status or position in life, whereas under Gods law and the U.S. Constitutional law, all are treated equally. God's law is predicated on his greatest gift which is love and respect, followed by freedom of choice. God's law is transparent and colorless and not in any way oriented toward status or any form of adverse racial bias. The greatest written document ever written other than the Holy Bible is the U.S. Constitution a true written expression of God's love for humanity and for this nation in particular and his infinite wisdom and intent that man kind in general be free. It is Gods will that this nation, specifically, constituted under God, be a free and just nation and a beacon of freedom for the world. It is God's will expressed in the Holy Bible that we love and respect each other and treat each other as true social equals. Racism is a corrupt and ungodly and a evil enterprise.

## STATEMENT OF FACTS

18. Statement of Facts presents the circumstances at issue and identify petitioners timeline of particular relevant events which starts with two precedent setting complaint filed by filer both stated for the truth of the matter asserted and proffered in this case a civil action taken against specifically William Hudson in 1997in the Delaware Superior Court. In fact Alston v. Hudson was the first case of its kind, and was the origin of and unconstitutional standard since that time, to date as documented by the Transcript of summary judgment hearing March 14 1997 pages 29 and 30 **Mr. Alston**: I went over to the law library, your honor . I have yet to find one Black litigant who has ever in this county in this kind of litigation survived the summary judgment. I have yet to find one."

14.

"**The Court**: (Judge Bifferoto) well, I don't know how you can find any, Mr. Alston. All I know is that this is the first case that I know of in this county dealing with [legal] malpractice where you have a Black plaintiff and White defendant. [I have never researched it because I have never found that that statistic has any meaning to it."] This is the historical origin application and operation of the racial profiling and the coded case law *Alston v. Hudson* thereafter in regard to unconstitutional extreme and outrageous "less stringent standards", that exist to this present day and in specific consideration of the Continual Violation Theory and due regard to the finding of facts documented in the Delaware Supreme Court Task Force on Racial and Ethnic Farness Report Oct of 1996.

19. There is no dispute as to the material fact on Jan. 20 2006 in the J. P. Court, this present situation developed due to grossly negligent, willful inept and incompetent actions of official Parrott in the Justice of the Peace Court and his equally inept poorly worded orders that lacked specificity and particularity that enabled the losing party Ms Scott to manipulate. In Alston v. Hudson there is a specific date and a particular set of circumstances, that is identified as to the beginning of the racial profiling and all the illegal functions and the improper purposes inherent in a racial profiling scenario in specific consideration of subjective obstruction of justice predicated on the racially identifiable legal precedent referenced hereinabove. Ms Scott in particular due to her gender, was able with bad faith, and malicious intent, to exploit the specifically poorly worded order of Judge Parrott Jan,20 2006. Be advised and take particular notice of the "original Appendix of Exhibits" of 7 items furnished contemporaneously in the court below, is herein furnished and identified as relevant to just review for the District courts consideration and inspection include, the record of proceedings to include all court filings

15

in the Justice of the Peace Court, and other relevant documents, filed in the court below which are important to fair just and proper resolution of this action on merit.

20. Essentially there is no dispute a Court action was taken against Ms Trinette Scott by the filer for refusing to pay for a Playstation she had agreed to pay for, purchased on filers Best Buy account for her son. The record shows that in fact two issues were adjudicated at that time both in favor of the complainant, on Jan.20 2006 one of the legal issues related to the playstation she had agreed to pay for the other issue related to a debt whereas a promissory note from Ms Scott signed by Ms. Scott was found by the J.P. court to be binding on Ms. Scott. On 20 Jan. 2006 upon exist from the court room after losing on both issues referenced in court hearing without argument or any verbal exchange whatsoever or altercation of any kind complainant was struck and assaulted by Ms Scott through a punch to the complainant's chest. A criminal complaint was filed against Ms. Scott on Jan. 20 2006 and charges were filed with law enforcement that date.

21. Ms Scott after maintaining exclusive control over the playstation, for over 45 days, sends the used playstation to the filer in the mail deliberately violating the no contact order, and the 30 day warrant of merchantability, for the playstation, to injure plaintiff below financially and with impunity and with willful intent violating the no contact order. Scott in purposeful violation of the no contact order sends the item in the mail to complainants home. There is no dispute that a complaint was made of the violation to law enforcement to enforce the law in regard to the reported violation. I was told by Cpl Desaulniers that he would not, enforce the law, filer informed the officer in question it is not his call to make given I was the reporting victim, Cpl Desaulniers refuses a second time and at that time I informed the officer that a written complaint would be lodged

against him as the records shows was filed with the Capital police. The first complaint to mitigate the situation at the lowest level was to first filed a complaint to the chief of Police Feb 13 2006. Whereas it is noted specifically nothing of any particular merit was accomplished as the record irrefutably demonstrates at that point, thereafter as a result of inaction by law enforcement and the court below suit was filed in the Superior Court.

22. Be advised and take particular notice for the record the hereinabove statement relates to the only conversation that I had with the officer, be advised and take notice at know time did any other discussion take place, to include that which has falsely been reported by Patricia Murphy and wrongfully relied upon by Judge Vaughn's colorable order.

# III
## STATEMENT OF RELATED PROCEEDINGS

23. There is no dispute as to the material fact the statement of Related Proceedings goes back to Mar.14 1997 with Alston v. Hudson which was circumvented in 1999 in the wining suit Alston v. Diamond State Machining Delaware Dept of Labor in the Superior Court against the State and opposed by 3 lawyers in 1999, 2 of the losing lawyers were from the Law firm of Hudson Jones and Jaywork. From that point on all suits filed in the Superior or Supreme Court have been dismissed using the "Alston v, Hudson" Supreme Court decision of 2000 to create court imposed unconstitutional "less stringent" standard.

24. There is no reasonable dispute as to the material fact the United States Constitution is exclusively the law of the land applicable in any State and in every State. It is argued that there is only one legitimate standard of review that is to say there are no "less Stringent" and or inferior dismissal of appeal or complaint standards of review arbitrarily imposed by a racist Caucasian dominated State court specifically a matter in conflict with the Federal Constitution. It is argued in America no one is above the Federal Constitution

or the law not Presidents, or lawyers, or Judges or famous wealthy people, status is irrelevant constitutionally and as a matter of American law. Status absolutely is not a constitutional requirement given the fact there is only one standard before God and the Federal Constitution which is predicated on the status or standing of a American citizen.

25. It is argued whereas, any State Court's improper, purposeful, substantive misapplication, of State law in regard to "status" and "standing" does so in violation of known constitutionally protected Federal civil rights to include in particular the right to the equal protection of law and due process of law by State actors. Petitioner a citizen is arbitrarily deprived by Judge Vaughn of required due process and of a remedy or relief circumstantially by the "State Court" intentionally. The State actors noted have acted unlawfully and upon due notice by the aggrieved petitioner in a timeline dating back 10 years in due consideration of the Delaware Task Force on Racial and Ethnic Farness Report of 1996 findings in lieu of the Continual violation theory. The defendants must be accountable as a matter of law for their purposeful act and the lies and material misrepresentations of their counsel on the record and material misrepresentation of the law. The court and the defendants counsel taken separately and in concert acted unlawfully to perpetuate a long term unconstitutional policy. The actions of the court are called into question by this aggrieved citizen who is effected by the unlawful inexcusable actions of the biased Court over an extended period of time and currently.

ARGUMENT

26. Complaint is filed due to documented long term systemic institutional racism and gender bias perpetrated by the court as well. For example "11. Plaintiff demands $32,222,019 in damages arising out of his **"foreseeable mental anguish [and]emotional**

**distress,"** but makes no mention of how these damages were proximately caused by the failure to arrest Scott for an alleged violation of a no con-tact order or Scott's alleged assistance by the court of Common Pleas clerks in filling out paperwork. It appears that plaintiff is generally alleging that widespread racial and gender discrimination which exist within the State. It further appears that plaintiff has attempted to link that alleged discrimination with the fact that Scott was given excess help in filling out her paperwork by the Court of Common Pleas clerks and Scott was not arrested by Cpl. Desaulniers for violation of the no contact order. In the case at bar, the record is devoid of any evidence which suggest that any State defendant have acted tortuously or have acted to divest plaintiff of any civil or constitutional liberties." It is argued due process of law and the equal protection of law are two basic and fundamental civil and constitutional liberties a Judge should be aware of therefore the record was not devoid of any evidence that supported a finding that defendants have acted tortuously and have intentionally divested plaintiff of the civil liberty of unobstructed complaint. Ms. Scott had no legal right or due process right to receive either legal advice or assistance other than procedural guidance from the Court of Common Pleas Clerks and the fact she did receive assistance from the court is established and was not arrested plead under the theory of Res ipsa loquitur.

27. The record is not devoid of evidence which suggest that any State defendants have acted tortuously or have acted to divest plaintiff of any civil or constitutional liberties. The record in this case is clear on the facts and equally clear on the law. There is allegation that Scott violated the no contact order, she has admitted to that fact. The relevant question is whether or not there was a complaint to law enforcement which in fact there was. The act of violation of the no contact order by Scott in concert with the

failure to arrest by the officer is the specific evidence that the State defendants both of them have wrongfully acted tortuously and have acted against established due process to divest plaintiff of the civil right of a free citizen circumstantially. The constitutional liberty inherent in filing a law suit and the denial of remedy or relief at the State court level is complained of as specifically unconstitutional and a denial of due process of law enjoyed by Caucasians Delaware citizens denied to Black persons in the equal protection of the law and due process of law enjoyed by white people as to application of the law.

28. There is no dispute as to the material fact, in the case at bar, the record on appeal regarding this complaint is not devoid of evidence which suggest that the State defendants to include the trial Judge, have acted tortuously and or have acted to divest plaintiff of civil and or constitutional liberties or civil rights. There is no reasonable dispute that due process of law and the equal protection of the law are civil rights protected by the Federal Constitution and are rights expressed as Constitutional liberties inherent in the processing of a civil action without bias. It is a fact admitted by the Court order that Ms Scott was given assistance by the court not only in filling out her paperwork but non procedural filing advice as well by the State. There is a error perpetuated by the court and Patricia Murphy on the record in the dollar amount specific to the suit, that needs to be explained, as to the proof burden under application of 10 Sec.4001. The initial dollar amount for instant action was $10,777,339.97 which based on willful and wanton negligent conduct on the part of the defendants, the proper standard for review. Be advised and take notice $32,222,019 is an amount that was based on extreme and outrageous negligence standard as wrongfully expressed by Patricia Murphy which changed the dollar amount sought in this action. Pursuant to R.I.C.O. standards

treble damages award would attach to $96,666,057. There is no dispute whatsoever the Defendant's counsel Patricia Murphy in her filing improperly elevated the proof burden requirements wrongfully from gross or wanton negligence to extreme and outrageous negligence in the court below which is a higher burden of proof than the law requires, inconsistent with Rule 10 Sec. 4001 requirement as to the proof burden of gross, willful and wanton. It was Patricia Murphy who initially and incorrectly asserted the raised proof burden, wrongfully. Be advised and take particular notice plaintiff objected in pleadings to Judge Vaughn who ignored the objection noted above to sanction Patricia Murphy. Plaintiff subsequently argued for the raised the dollar value which Judge Vaughn acknowledged in his Oct.30 2006 order whereas the dollar amount of $32,222,019.00 can be found nevertheless and whereas Judge Vaughn failed to acknowledge plaintiff's objection and or failed to sanction Patricia Murphy for the noted misconduct. It is noted that the court was aware of complainant position that on the record that "Cpl, DeSaulnier acted with gross or wanton negligence in this case." Given the trial Judges certification of the sum certain of 32,222.019.00 for whatever reason that sum certain is established and replaces the $10,777,339.97 dollar amount from that point on due to the facts noted.

Petitioner has established the status and standing to bring a valid complaint. This complaint must be heard I pray by the unbiased Federal Court system whereas complaint is made for relief and remedy. Complaint and a change of venue is and was filed in the Delaware Supreme Court sought during the pendency of appellate review placed before the Delaware Supreme court exhausting all available required due process procedures. This complaint is placed before the mercy of the District court for Delaware a federal court. This action complaint is taken in good faith with the intent to bring the civil rights

complaints process against the State of Delaware to fruition under Federal jurisdiction and under Federal rules. The Complaints seek what is just and fair, a level playing field, in recognition of civil rights, protected by the U.S. Constitution and the review criteria and due process protocols, required within any and all States that are fair and that are just.

29. In this particular case there can be no just outcome for this particular Black Pro se Petitioner in this racially polarized environment where it is not foreseeable that a fair hearing is possible at the "State Court" level to include the State Supreme Court level at this point in time. There is no other objectively reasonable explanation other than race and status considerations noted by and in the record. In a 10 year plus time frame and timeline the noted racist conduct complained of has flourished and the unconstitutional standard purposefully placed against the aggrieved Black Pro se Petitioner's interest by the Caucasian dominated State Court have persisted, in a 10 year plus time frame and timeline. The act of obstruction of justice is a crime and must be taken seriously as a criminal act by this court. Due to documented unlawful systemic institutional racism at the State Court level pursuant to intentional misapplication of Superior Court Rule 12 (b) (6) dismissal motion functionally, essentially the same as a Rule 56 summery judgment dismissal motion. There will be no fair appeal as documented in this particular case record at the State Court level. As has been stated in the Superior Court the "fix is in" in this case and "its time to circle the wagons" at the State court level in this particular case. The beneficiary of the racist conduct complained of are consistently Caucasian female lawyers who gain a racial benefit from race, status, and gender not a result of merit or performance in the case at bar. Lawyers who without the Courts noted unlawful activities would have lost to Petitioner, for example, Danielle Yearick and Superior Court Judge

Witham in 2001 be advised that the "examples" noted as example are for the Courts information in regard to the truth of the matter asserted. For example *Alston v. Diamond State Machining and the Delaware Dept of Labor 1999 The most Honorable Judge Norman Maxon Terry.* The record shows the firm of Hudson Jones and Jaywork represented Diamond State Machining the lawyers of record were James Handley representing the State of Delaware Dept of Labor and Laura Redding assisted by David Pryor in appearance for the law firm. The record demonstrates that Alston was the prevailing litigant in the action in defeat of three Delaware lawyers noted and named above in 1999 thereafter there was Danielle Yearick and alleged conspiracy with Judge Witham whereas the same scenario of alleged judicial corruption existed and was noted for the record is noted for the record in the present circumstance as a pattern of conduct.

30. There is no dispute as to the binding record and the historical facts identified for example there is no dispute as to the material fact in 1996 The Delaware Supreme Court published THE DELAWARE SUPREME COURT TASK FORCE ON RACIAL AND ETHNIC FAIRNESS REPORT addressing the issue of racial and ethnic fairness and the State judicial system. Thereafter in 1999 Judge Carol Berger at that time the Chief Justice of the Delaware Supreme Court purposefully and unlawfully articulated a racist unconstitutional "less stringent" arbitrary and unlawful standard for specifically dismissals of Pro se actions without warrant or recourse in her Order against "Alston" in 2000. In fact the Order was a purposeful unconstitutional misapplication of due process of law that was at the time intentionally placed against this particular "Pro se" litigants interest purposefully by court order. Complainant was and is deprived by the Delaware Supreme Court of Federal Civil Rights guarantee or the legal protection of due process of

23·

law within the State by court Order arbitrarily and unlawfully and unconstitutionally stripped by the State of legal protection after successful litigation against several lawyers as described hereinabove a year earlier in 1999 in a Delaware Court and after the State Supreme Court published the 238 page report outlining finding of fact of racial and status related discrimination by the court and court personnel. It is noted there is no mention of petitioner, or complaints based on pro se status by minorities or any of the Petitioners numerous contemporaneous, complaints and or filings referenced within any of the 238 pages of the State Supreme Court publication which reflects the courts racial bias.

31. It is stated as a concise statement of the complaint, that the particular standard of review as described in the complaint is unconstitutional and is addressed as a matter of constitutionality, that is to say the actions and activities complained of with specificity and particularity are unconstitutional in operation and application. Under theses unique circumstances a fair hearing is impossible to include appellate hearing in this State Court or in this particular case where race is a issue. It is noted in complaint that it is unconstitutional to circumvent constitutional due process of law, through obstruction of due process. No one is above the law or allowed to obstruct its proper operation of the law with impunity to include a State Court Judge or State Court Order. Take particular note the 1999 Order of Judge Berger is formally challenged as unconstitutional and arbitrary in application and operation in obstruction of justice. With this action a complaint the 2000 order is objected to as a unlawful coded Order and is objected to as purposefully and foreseeably illegal and unconstitutional in both form and function and in specific regard to application specifically to this particular action or any particular action specifically filed or pursued by a Black or a pro se non lawyer petitioner citizen.

## CONCLUSION

32.  There are specifically two Judicial standards that are in opposition, and competition, contrast, and comparison, to and with each other in this particular case each with its own characteristics. In this case they are the "**Alston**" standard of **2000** as articulated by Chief Justice Berger at the "State" court level as stated and the "**Hannah**" standard of **2005** as articulated by Chief Justice Robinson at the "Federal" court level. The predicate for the two cases and extremes in judicial temperament and judicial conduct and intent identify similar subject matter in regard to race and status factors. The documents were reviewed by two different judges with the same author for both filings and for both sets of work products. In terms of judicial temperaments and observation one Justice action's Justice Berger's actions and conduct are clearly outside of required Constitutional due process protocol, the other Justice Robinson are inclusive of them. The relevant fact is "Alston" litigated both cases and produced both work products in 2000, and 2005. Alston furnished the paperwork for both cases referenced and is an expert on the subject of race and the courts and is intimately knowledgeable and inextricably connected to both actions filed. Alston is the recipient of two different inconsistent judicial standards arbitrarily imposed within the same State regarding pro se status in a Federal court in Wilmington compared to arbitrary dismissal criteria at the State court in Dover Delaware. The right of unbiased judicial review is the law of the land that standard of unbiased judicial review has not been unconstitutionally and purposely since 2000 at the State court level. The precedent setting Chief Justice Robinson standard imposed and maintained in the "Hannah" case in the Federal Court since 2005 set the precedent that replaced it, said another way institutional racism is and has been a violation of federal and State laws.

25.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

0 7 - 2 4 6

- 2 4 6

JERRY L. ALSTON, and TRIPLE 7
PARALEGAL SERVICES

0 7 - ⁚  3

Plaintiffs,

v.

DELAWARE DEPARTMENT OF JUSTICE
VICTIM/WITNESS SERVICES, unknown agents,
DELAWARE JUSTICE OF THE PEACE COURT,
OFFICIAL PARROTT, individually and as an agent of the
JUSTICE OF THE PEACE COURT, DELAWARE
DEPT. OF SAFETY AND HOMELAND SECURITY,
CAPITAL POLICE and OFFICER JEFF DESAULNIERS,
individually, and as an agent of the DELAWARE CAPITAL
POLICE, TRINETTE R.-SCOTT individually
ADMINISTRATIVE OFFICE OF THE COURTS,
COURT ON THE JUDICIARY and the OFFICE OF
DISCIPLINARY COUNSEL and the DE SUPREME COURT
SUPERIOR COURT, and the COURT OF COMMON PLEAS
JUDGE VAUGHN in official capacity, agent of State PATRICIA
MURPHY & LINDA CARMICHAEL as a agent of the State

Defendants.

COMPLAINT TO THE DISTRICT COURT OF OBSTRUCTION OF JUSTICE A
CRIMINAL ACT OF THE TRIAL JUDGE VAUGHN, AND THE STATE COURT.
COMPLAINT OF PURPOSEFUL SYSTEMIC RACIAL PROFILING.
COMPLAINT OF INSTITUTIONAL RACISMS AS A ENTERPRISE OF THE WHITE
SUPREMACIST STATE COURT SYSTEM. COMPLAINT OF PURPOSEFUL
DENIAL OF THE FEDERAL CONSTITUTIONAL GUARANTEE OF THE EQUAL
PROTECTION OF LAW AND DUE PROCESS OF LAW CIVIL RIGHTS
PURPOSELY VIOLATED AT THE STATE COURT LEVEL
AFFIDAVIT OF FILING OF COMPLAINTS
IN THE DISTRICT COURT FOR DELAWARE

1. Be advised and take notice of the filing of initial complaint of 24 pages is herein

documented as filed on this date . 5/3/07.and be advised a copy of the filing was sent at

that time to in particular Patricia D. Murphy Deputy Attorneys General 102 waters St.

Dover De 19901 and Trinette Scott 107 Lawn Drive Smyrna De 19770.

2. Be advised an take notice of the filing of a Postal Service Money Order in the Sum of

350 dollars is herein enclosed for the purpose of a filing fee.

3. Take notice I swear these facts are true so help me God.

United States Court House. United States District Court 844 King Street

Office of the Clerk of the U.S. District Court Lockbox 18

Attn: Clerk of the Court Delaware District Court

### FILING OF COMPLAINT

1. The purpose of this letter is to clarify both the purpose and intent of the filing of COMPLAINT. The filing is NOT an appeal and should not be treated as such.

2. Due to the Continual Violation theory of law, obstruction of justice predicated on racial factors, among many others legal theories, it is identified in this case that a long term pattern of unlawful racially biased conduct is actionable in a federal court.

3. Enclosed are two documents presented for the truth of the matter asserted in regard to a long term pattern of adverse filing irregularities and prior complaint to this court.

4. Be advised and take notice of two filings described as the same act in particular to 1. A document of 25 pages titled "Complaint". 2. A filing containing a copy of memorandum and order civil action No. 01-520 August 7 2000 Mckelvie and letter to the clerk 27 July 2000 3. A filing for the courts information filed Nov. 8 2006

May 3 2007

I swear these facts are true so help me God.

Notary Public

5/3/07

LAUREN E. FERGUSON
My Commission Expires
02-26-08
State of Delaware
NOTARY PUBLIC