07-246

United States Court House. United States District Court 844 King Street

Office of the Clerk of the U.S. District Court Lockbox 18

Attn: Clerk of the Court Delaware District Court

## FILING OF COMPLAINT

1. The purpose of this letter is to clarify both the purpose and intent of the filing of COMPLAINT. The filing is NOT an appeal and should not be treated as such.

2. Due to the Continual Violation theory of law, obstruction of justice predicated on racial factors, among many others legal theories, it is identified in this case that a long term pattern of unlawful racially biased conduct is actionable in a federal court.

3. Enclosed are two documents presented for the truth of the matter asserted in regard to a long term pattern of adverse filing irregularities and prior complaint to this court.

4. Be advised and take notice of two filings described as the same act in particular to 1. A document of 25 pages titled "Complaint". 2. A filing containing a copy of memorandum and order civil action No. 01-520 August 2 2000 Mckelvie and letter to the clerk 27 July 2000 3. A filing for the courts information filed Nov. 8 2006

_[signature]_ May 3 2007

I swear these facts are true so help me God.

_[signature]_ Lauren E. Ferguson
Notary Public
5/3/07

[Notary seal: LAUREN E. FERGUSON, My Commission Expires 02-26-08, State of Delaware, NOTARY PUBLIC]

[FILED stamp: MAY 10 2007, U.S. DISTRICT COURT, DISTRICT OF DELAWARE]

BD scanned

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JERRY L. ALSTON, and TRIPLE 7
PARALEGAL SERVICES

    Plaintiffs,

v.

DELAWARE DEPARTMENT OF JUSTICE
VICTIM/WITNESS SERVICES, unknown agents,
DELAWARE JUSTICE OF THE PEACE COURT,
OFFICIAL PARROTT, individually and as an agent of the
JUSTICE OF THE PEACE COURT, DELAWARE
DEPT. OF SAFETY AND HOMELAND SECURITY,
CAPITAL POLICE and OFFICER JEFF DESAULNIERS,
individually, and as an agent of the DELAWARE CAPITAL
POLICE, TRINETTE R.-SCOTT individually
ADMINISTRATIVE OFFICE OF THE COURTS,
COURT ON THE JUDICIARY and the OFFICE OF
DISCIPLINARY COUNSEL and the DE SUPREME COURT
SUPERIOR COURT, and the COURT OF COMMON PLEAS
JUDGE VAUGHN in official capacity, agent of State PATRICIA
MURPHY & LINDA CARMICHAEL as a agent of the State

    Defendants.

COMPLAINT TO THE DISTRICT COURT OF OBSTRUCTION OF JUSTICE A
CRIMINAL ACT OF THE TRIAL JUDGE VAUGHN, AND THE STATE COURT.
COMPLAINT OF PURPOSEFUL SYSTEMIC RACIAL PROFILING.
COMPLAINT OF INSTITUTIONAL RACISMS AS A ENTERPRISE OF THE WHITE
SUPREMACIST STATE COURT SYSTEM. COMPLAINT OF PURPOSEFUL
DENIAL OF THE FEDERAL CONSTITUTIONAL GUARANTEE OF THE EQUAL
PROTECTION OF LAW AND DUE PROCESS OF LAW CIVIL RIGHTS
<u>PURPOSELY VIOLATED AT THE STATE COURT LEVEL</u>
AFFIDAVIT OF FILING OF COMPLAINTS
<u>IN THE DISTRICT COURT FOR DELAWARE</u>

1. Be advised and take notice of the filing of initial complaint of 24 pages is herein documented as filed on this date 5/3/07 and be advised a copy of the filing was sent at that time to in particular Patricia D. Murphy Deputy Attorneys General 102 waters St. Dover De 19901 and Trinette Scott 107 Lawn Drive Smyrna De 19770.

2. Be advised an take notice of the filing of a Postal Service Money Order in the Sum of 350 dollars is herein enclosed for the purpose of a filing fee.

3. Take notice I swear these facts are true so help me God.

Office of the Clerk
United States District Court
Attn: Dr. Peter T. Dalleo
Clerk of the Court
District of Delaware
Lockbox 18
844 King Street
U.S. Courthouse
Wilmington, DE 19901

Jerry L. Alston                                              27 July 2000
406 Arnold Court
Dover, DE 19901

Dear Mr. Dalleo:

1. Appellant files Notice of Intent and whereas this letter accompanies Appellant's second such notice. Factually, the first notice referenced different material and identified different issues than this Appellant's second notice. Appellant's notice is short in length and clearly states, on its face, its purpose and intent. Appellant references for specificity purposes, the July 21, 2000 letter to the Clerk. The letter identified the first filing of the Notice of Intent, in particular regard to a determination of complexity. Factually, Appellant's July 18 filing (the original notice), contained the following: Page 1, paragraph 1 "...specificity and particularity, identifies Alston the Appellant, to be a material and interested party seeking a determination of complexity under 28 U.S.C. 473 (a) (2) (B)". Appellant, with crystal clarity, references the following: "For the record Appellant's complaint through briefs, further explanation would consist of the fact that Writ of Mandamus and Certiorary as well as eleven motions were filed with this action before this Court". Your letter of July 19, 2000 is inappropriate in both scope and context. The suggestion is for me to start over. Essentially, it could be construed as discriminatory in regard to the letter's suggestion and the material elements of its contents. It is clear from Appellant's reference above, that the clerk <u>knew</u> Alston was an appellant seeking a determination of complexity for a complaint before the Delaware District Court. Appellant identifies the phrase "...were filed..."; were is past tense - this means the filing occurred prior to the dissemination of the letter of July 19, 2000. The clerk knew in fact, my documents were at the Delaware District Court. There was no need to send such a letter nor to send my documents back. This letter is to register objection and complaint and to pre-empt future improper actions in specific regard to the filing of my documents and the assignment of a judge to this action. The purpose of this letter is also a memorandum for record.

2. Appellant's second notice is in no way duplicative in regard to Appellant's first notice.

                                          *signature*

                              Sworn and subscribed this 27th day of
                              July, 2000.
                              *Nancy E. Eldred*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY LEE ALSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 01-520 |
| ) | |
| HUDSON, JONES & JAYWORK, ) | |
| WILLIAMS and LIGUORI, MORRIS ) | |
| HITCHENS and WILLIAMS, ) | |
| WILLIAM HUDSON, JAMES SEMPLE, ) | |
| DAVID PRYOR and OTHERS OF THE ) | |
| FIRMS, DELAWARE STATES ) | |
| ATTORNEYS OFFICE, OFFICE OF ) | |
| PROTHONOTARY, KENT COUNTY, ) | |
| OFFICE OF THE DISCIPLINARY ) | |
| COUNSEL, UNEMPLOYMENT ) | |
| INSURANCE APPEALS BOARD, and ) | |
| MR. MICHAEL RICH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's "Opening Brief in Support of a Writ of Certiorari" and a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. Plaintiff appears to have no assets with which to pay the filing fee. Therefore, based on the information provided, Plaintiff's Motion to Proceed In Forma Pauperis is granted.

Plaintiff has also filed a series of indecipherable documents. It appears that Plaintiff is attempting to appeal to this Court, a decision rendered by the Delaware Supreme Court. This Court has no jurisdiction to take a direct appeal from the Delaware Supreme Court. See 28 U.S.C. § 1331. Because it

appears that there is no basis upon which this court can assert jurisdiction herein, the complaint shall be dismissed as legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Even if Plaintiff is trying to file a new complaint in this Court rather than a direct appeal, the Complaint must be dismissed as frivolous. As noted above, the complaint and accompanying documents are unintelligible.

NOW THEREFORE, at Wilmington this 2nd day of August, 2001, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is **GRANTED**.

2. Plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk of the Court shall mail a copy of this Order forthwith to the Plaintiff.

Roderick R. McKelvie
UNITED STATES DISTRICT JUDGE

2

J.L. Alston
406 Arnold Ct,
Generals Greene
Dover DE. 19901



Office of the Clerk
United States District Court
U.S. Courthouse. Lockbox 18
844 King Street
Wilmington DE. 19801

FIRST CLASS