## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JERRY L. ALSTON, and TRIPLE 7
PARALEGAL SERVICES

        Plaintiffs,

v.

Case NO. 07-246 GS

DELAWARE DEPARTMENT OF JUSTICE
VICTIM/WITNESS SERVICES, unknown agents;
DELAWARE JUSTICE OF THE PEACE COURT,
OFFICIAL PARROTT, individually and as an agent of the
JUSTICE OF THE PEACE COURT, DELAWARE
DEPT. OF SAFETY AND HOMELAND SECURITY,
CAPITAL POLICE and OFFICER JEFF DESAULNIERS,
individually, and as an agent of the DELAWARE CAPITAL
POLICE, TRINETTE R.-SCOTT individually
ADMINISTRATIVE OFFICE OF THE COURTS,
COURT ON THE JUDICIARY and the OFFICE OF
DISCIPLINARY COUNSEL and the DE SUPREME COURT
SUPERIOR COURT, and the COURT OF COMMON PLEAS
JUDGE VAUGHN in official capacity, agent of State PATRICIA
MURPHY & LINDA CARMICHAEL as a agent of the State



FILED

MAY 30 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

        Defendants.

AFFIDAVIT OF SERVICE OF SUPPLEMENT-TO COMPLAINT AND OTHER
DOCUMENTS TO INCLUDE QUOTATION FROM PETITIONERS CONFIDENTIAL
MEDICAL RECORDS AND OTHER CONFIDENTIAL INFORMATION

1.  Be advised as to the serving of several documents to include quotation from
confidential medical records. Be advised and take notice due to the issues raised, the
totality of this filing should be considered confidential and not for public dissemination.

2.  The following address of record identifies that the service to the Clerk of the Court
Delaware District Court U.S. Court House, Lockbox18 was served on the court and this
particular court is located on 844 N. King St. Wilmington DE 19801

3.  A copy of the filing was sent via U.S. Postal Service to the Office of the Governor
specifically addressed to Dawn Mara and Bill Bush 150 William Penn St. Tatnall
Building Dover De 19901 as persons known to be Governors Minner's legal advisors.

I swear these Facts as stated are true so help me God
29 May 2007

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

JERRY L. ALSTON, and TRIPLE 7
PARALEGAL SERVICES

        Plaintiffs,

              Case No. 07-246 GS

   v.

DELAWARE DEPARTMENT OF JUSTICE
VICTIM/WITNESS SERVICES, unknown agents,
DELAWARE JUSTICE OF THE PEACE COURT,
OFFICIAL PARROTT, individually and as an agent of the
JUSTICE OF THE PEACE COURT, DELAWARE
DEPT. OF SAFETY AND HOMELAND SECURITY,
CAPITAL POLICE and OFFICER JEFF DESAULNIERS,
individually, and as an agent of the DELAWARE CAPITAL
POLICE, TRINETTE R.-SCOTT individually
ADMINISTRATIVE OFFICE OF THE COURTS,
COURT ON THE JUDICIARY and the OFFICE OF
DISCIPLINARY COUNSEL and the DE SUPREME COURT
SUPERIOR COURT, and the COURT OF COMMON PLEAS
JUDGE VAUGHN in official capacity, agent of State PATRICIA
MURPHY & LINDA CARMICHAEL as a agent of the State

      Defendants.

COMPLAINT–SUPPLEMENT REGARDING PURPOSEFUL OBSTRUCTION OF
PROCESS AND INTENTIONAL INTERFERENCE AND RETALIATION ON THE
PART OF THE COURT ON THE JUDICIARY A DEFENDANT NAMED IN THE
COMPLAINT FILED IN THE DISTRICT COURT MAY 9 2007.COMPLAINT-
SUPPLEMENT IDENTIFIES PURPOSEFUL ACTIONS BY AND THROUGH A
BIASED AGENT OF THE COURT ON THE JUDICIARY CHIEF JUSTICE STEELE

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING
**NOW COME** the aggrieved oppressed citizen Petitioner through written complaint –

supplement regarding recent information not available at the time of the initial filing that

has bearing on the current complaint filed before the District Court. Be advised and take

particular notice the complaint filed May 9 2007 identifies conclusions based on sound

decision making as justification for complaint of racism supported by the particular facts filed in good faith intent, that is to specifically assert, it was not filed to intimidate, or to demean anyone, it is a material fact petitioner is not that type of person. Complaint is a rational and deliberate attack on the white supremacist status quo legal system. Be advised complaint supplement is filed pursuant to the invoked civil rights guarantee of and to the equal protection of the law in the context of due process of the law, that is embodied and inherent in the U.S. Constitution and the federal law, the law of the land.

Notice is served of written objection to purposeful unlawful contact from Justice Steele, a unnamed actor in the complaint to the Court on the Judiciary and to the District Court. Untimely information has been placed by Chief Justice Steele in the record at this time for the particular and specific reason of noted retaliation and reprisal against petitioner for filing the current action in the District Court, and filing of appeal during the pending action which was filed in the Court on the Judiciary over five months ago.

Contact from an actor noted in the complaint filed to the Court of the Judiciary Dec.14 2006 finally addressed as a Confidential court order as of 24 May 2007 is served on the record in the court below to restrain, demean, and to intimidate petitioner and interfere and coerce the complaints process by acts beneficial to the State after the action has been filed 9 May 2007 in the District Court naming the Court on the Judiciary, is a violation of the rules. It is argued that the filing is improper both circumstantially and procedurally.

There is an element of foreseeable intentional purposeful fraud on the part of Chief Justice Steele in particular regard to the material facts at issue regarding timing and intent as to when in fact the Dec. 14 2006 action was filed, in fact prior to this filing in the

2·

District Court. Fraud is defined as to trick, 1a) deceit; trickery; cheating; 2b) in law intentional deception to cause a person to give up property or some legal right.

There is no dispute as to the material fact, is another way of saying, it is irrefutable, or without dispute, the order by the Court on the Judiciary is a fraud on its face, placed on the record at this late date as interference and retaliation. There was in fact no filing of any document whatsoever from Jerry L. Alston in the Court on the Judiciary in May.

It is argued once the District Court case was filed May 9 2007 and the Court on the Judiciary was specifically named in the filing it was procedurally improper for Justice Steele to interfere with the complaints process as filed in the District Court jurisdiction as a civil rights racial discrimination complaint. The order is based on a bad faith fraudulent intent for the purpose of interference and retaliation intentionally due to the filers taking of a civil rights complaint. The tone of the May 24 2006 order is retaliatory for the unlawful purpose of reprisal and retaliation for filings complaint against Judge Vaughn.

Enclosed are copies of petitioner work product documents sent to the Court on the Judiciary Dec.14 2006 placed herein for the truth of the matter asserted, that in fact the filing was made Dec 14 2006 and again in February. Be advised an take notice on or about May 25 2007 I Jerry L. Alston received a order from Justice Steele 5 months after the filing of initial contact with the Court on the Judiciary, be advised due to compliance with Confidential nature of the order a detailed examination of the order will not be made nor will a copy of the particular order be attached to this filing, moreover the petitioners documents filed on Dec. 14 2006 to that particular agency are herein served as a work product exception, filed for the truth of the matter asserted in a federal court, in good faith, that are not controlled as a matter of law by the State or any defendant actor named

3·

in the complaint May 9 2007 prior to the subsequent existence of the self serving order of Justice Steele May 24 2007 in a demonstration of a clearly corrupt motives and or a bad faith and or fraudulent intent whereas the complaint was filed on Dec.14 2006 and again on Feb 8 and 12 2007. For example in the case at bar it is a purposeful deception of Justice Steele to falsely assert complaint was not filed in the Court on the Judiciary in May. Justices Steele's deception is for a material unlawful purpose of interfering with retraining, and restricting petitioners civil right to unobstructed complaints process, the order was filed in fact after the filing of Civil rights law suit against the State and the Court on the Judiciary as a defendant in the District Court, it is procedurally noted retaliation is purposeful interference. It is in fact a civil rights violation under federal rule of civil procedure to interfere intentionally as is the case and to retaliate against and or coerce and or otherwise restrain a civil rights complainant by an actor or an agent under color of law, the badge of the State's authority so noted and identified as such.

Be advised and take particular notice of purposeful bad faith violation of State law specifically 10 Del. C Sec. 4001 by the deeds and actions of Justice Steele regarding race related corrupt motives a bad faith intent a form of racial profiling of the petitioner complained of. Justice Steele is not objective a complaint filed Dec.14 2006 is not addressed until after a racial discrimination action is filed in the District Court May 9 2007 manifest in the order the intent to interfere and retrain petitioners civil rights to include the first amendment right to free and unobstructed speech and regarding the right to due process of unobstructed complaint. It is argued and asserted as objectively true that the petitioner is reasonable, rational, credible, and these material facts are documented as a objective finding of fact by the State by test evaluation administered by examination of

4.

Delaware in 2002 is herein placed on notice as to documentation of good faith intent furnished to the record of the District Court as the Confidential medical records of Jerry L. Alston served for the truth of the matter of evidentiary proof of competence asserted.

## CONCLUSION

There is no dispute as to the material fact the State of Delaware Vocational rehab is a agency of the State. There is no dispute as to the material fact this particular State agency has no axe to grind and is objective relatively speaking, due to subjective misinformation placed on the record by persons with intent and a motives to misinform and restrain the complaints process Confidential medical records are herein incorporated into this filing for the truth of the matter asserted. under vocational personality trait; "His personality traits are usually associated with the successful executive, university professor, scientific researcher, or similarly related types. Certainly the field of Law would also fall into this category." under Myers Briggs type indicator; "He bases his decisions on thinking in a logical process as well; he is the type of individual who likes to plan and organize approaches to problem solving and decision making." "The ISTJ Myers Briggs personality pattern is often identified as the "Recorder" because of the ability to work for considerable periods of time alone, not really being distracted." "There is a computer-like memory for facts." There is a tendency to be analytic, logical, critical" "This personality profile is frequently seen with CPAs, Bankers, Lawyers." under the Conclusion section the following can be found, "Based on present findings and observations, it appears that Mr. Alston has the intellectual, as well as personality makeup, that is frequently found in the legal field with attorneys, in addition to the other noted vocational careers."

Doctor Adolf Angermeiers, Ph.D., P.a. is a Clinical Psychologist who was employed by the State on Oct 21 2002 when the referenced test identified were conducted.

MAGARETTE NAILER

COURT ON THE JUDICIARY    P.O. Box 369 GEORGETOWN DE 199617

WRITTEN FORMAL COMPLAINT INITIALLY FILED DECEMBER 11 2006

1.  Be advised and take particular notice of the filing of formal complaint initially mailed
to this office on Dec.11 2006 in written complaint with and to this agency of obstruction
of justice in a R.I.C.O. act sense in application to the specific facts at issue.

2.  Be advised and take particular notice the specific mailing referenced above was sent
through  regular U.S. mail with a return address and were not returned to the sender.

3.  Be advised a copy of two documents sent to the office of disciplinary counsel are
furnished to you to explain the context of the complaint made against the noted judicial
officer at issue.

Jerry L. Alston Feb. 8 2007

COURT ON THE JUDICIARY
RECEIVED and FILED

FEB 12 2007

COMPLAINT TO THE COURT ON THE JUDICIARY OF THE STATE OF
DELAWARE
RACIAL DISCRIMINATION COMPLAINT AGAINST JUDGE VAUGHN
PREDICATED ON PURPOSEFUL RACIAL PROFILING AND THE USE OF THE
COURT AS A CRIMINAL ENTERPRISE AS CONTEMPLATED IN THE
RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT AS A
LONG TERM PATTERN OF CONDUCT IN VIOLATION OF THE CONTINUAL
VIOLATION THEORY SUPPORTED BY THE DELAWARE SUPREME COURT
TASK FORCE ON RACIAL AND ETHNIC FAIRNESS REPORT OF OCT 1996

1. Be advised and take particular notice of the filing of complaint specifically a racial

discrimination complaint against Judge Vaughn predicated on Judge Vaughn's racist

motives predicated on purposeful racial profiling, and the use of the court as a criminal

enterprise in such a way the court below should be reversed. Complaint is taken as

contemplated in the racketeering influence and corrupt organization act as a long term

pattern of conduct in violation of the continual violation theory supported by finding of

fact in the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of

Oct. 1996. Be advised and take notice complaint to the Court on the Judiciary is placed

against Judge Vaughn simultaneous to the taking of an appeal and the filing of complaint

and other documents. Complaint and appeal is taken against specifically Judge Vaughn

and Patricia Murphy and Linda Carmichael for acts in concert in regard to unlawful

conspiracy to violate Plaintiff-below's civil rights.. There is no dispute as to the material

fact racial profiling and obstruction of civil rights in a civil rights crimes context with the

unlawful goal of preventing valid cases like this one from going to a jury is at issue. Due

to the nature of the criminal conduct complained of specifically a documented long term

pattern of extreme and outrageous purposeful civil rights violations in concert with the

court's influence and interest being purposefully used in a foreseeably corrupt manner as

a racist enterprise. Further separate complaint before the disciplinary counsel has been

filed simultaneous to the filing of this particular action, (attached). Given the fact that in a

*f.*

conspiracy there are numerous covert actors all of the known parties involved in the conspiracy Judge Vaughn and Patricia Murphy Linda Carmichael are named as equally guilty participants with interest to protect such as Judge Witham and Danielle Yearick and are not above the law because I am Black and they are Caucasian. Their unlawful acts forever identified on the record, like the most racist District Court ever Judge Mckelvie through official transcripts they can not deny and the perpetrators know that at some point they will be held responsible, legally liable, and accountable for their actions.

2.  During the proceedings before this racially biased court at the motion to dismiss hearing of July 28 2006 plaintiff was treated with disrespect and racially motivated disfavor by any objective or reasonable analysis. During the July 28 2006 hearing by any objective or reasonable evaluation plaintiff produced a far superior showing on the issues in the court than did Patricia Murphy or Linda Carmichael, never the less plaintiff superior showing, was not heard, during these proceedings, to include briefings to the court, motions to the court, filings in the court, and the oral argument before the court specifically during the July 28 2006 dismissal hearing where by any reasonable objective analysis plaintiff produced a far superior showing on the facts and the law than Patricia Murphy. Be advised and take notice action speaks louder than words the absolute fact is at no time by my observation did Judge Vaughn at any time act in a fair or unbiased manner towards appellant and purposefully failed to conduct a fair hearing as required by law by any objective or reasonable evaluation this was and is purposeful obstruction of justice predicated on race and the use of the court as a racist elitist" republican enterprise. It is argued specifically as to long term unlawful pattern of organized activities as specifically contemplated in the R.I.C.O. act as to activity constituting criminal conduct

2·

exactly the same as the prior situation with Witham and Yearick in 1997 and factually

documented as a relevant finding of fact as a long term example of a pattern of conduct in

the Delaware judicial system in the Delaware Supreme Court Task Force on Racial and

Ethnic Fairness Report of 1996 and asserted in the continual violation theory; Res ipsa

loquitur. Race and color factors to include status factors should not be the core issue on

appeal merit of the case should. The appellant once again finds these particular issues of a

pattern of racism a denial of due process and social equality relevant before a racist

Delaware Court that has a motive which is to prevent valid cases from going to trial.

3. There is no objectively reasonable dispute as to the material fact, The Delaware

judicial system is the oldest in the nation, this court has a unique racist history, to include

a history as the first slave State Court. Likewise there is no dispute as to the material fact

on Oct.14 1999 Court Order C.J. 7 1999 was written in response to a objectively

reasonable complaint of substance taken against Judge Witham for his documented racist

and corrupt unlawful conduct. As a matter of fact the order of COURT ON THE

JUDICIARY specifically states "(1) Mr. Jerry L. Alston ("complainant") has filed a

complaint against Judge William L. Witham, Jr of the Superior Court. Judge Witham

recently issued a decision that dismissed the complainant's Superior Court civil action."

4. Be advised and take particular notice of the highlighted area hereinabove as to "copy

of complaint attached as exhibit A" that particular filing of complaint is herein

incorporated into this current filing of complaint in its entirety as if and as though it were

fully placed herein given it is a example of the same conduct filed with the COURT ON

THE JUDICIARY in 2006. Be advised and take particular notice of a notation in the

complaint of the noted use of the COURT ON THE JUDICIARY as a racist racket as

3 ·

contemplated in the Racketeering Influence in Corrupt Organizations act, in purposeful violation of the handicap and disabilities act, and violation of the civil rights act of 1964, and amendments thereto, in this particular case in a continual violation theory context. The State Court is unlawfully peddling influence and favor predicated on race exclusively to inept and incompetent Caucasian female lawyers unlawfully aided and abetted by the Delaware Judicial system and COURT ON THE JUDICIARY when complaint is raised regarding incompetent female Caucasian lawyers opposed by competent Black male pro se litigants. There has been a long term pattern of racial profiling in a intentional obstruction of justice context as documented by the State in THE DELAWARE SUPREME COURT TASK FORCE ON RACIAL AND ETHNIC FAIRNESS REPORT OF 1996. Be advised and take particular notice of those documented acts of racial profiling and obstruction of justice complained of in fact persist to this day unchanged.

5.  There is a documented pattern of racism identified in the Task Force on Racial and Ethnic Fairness Report of 1996 of long term and short term obstruction of justice in a manner no different than the klan, or a street gang employs unlawfully defending its turf, circumventing lawful operation of the U.S. Constitution. Racial profiling within the borders of the State of Delaware specifically in regard to due process of law and the purposeful denial of the equal protection of the law for Black Amer-African pro se litigants is to purposefully prevent these issues being placed before a jury as a long term pattern and motive of the criminal enterprise of the court. It is the unlawful goal of this COURT ON THE JUDICIARY in particular to keep secret "confidential" records on file as is alleged in this action specifically about Alston since 1997 to maintained unlawfully in fact created unlawfully as racially coded case law, in regard to *Alston v. Hudson* and

4.

*Alston v. Witham* manufactured by the Delaware Supreme Court unconstitutionally created by justice Veasy and Berger, to unlawfully limit specifically this particular Black pro se litigants in particular unlawfully and all pro se litigants generally State wide ("to a somewhat less stringent standard than the formal pleadings of lawyers") which translates in operation and application to a adverse double standard for pro se actions to prevent valid cases from going to trial. The historical record identifies where Black pro se litigant Alston is opposed exclusively by Caucasian lawyers the Supreme court exclusively grants dismissal action appealed to the Delaware Supreme Court without acceptation are always upheld in favor of the Caucasian lawyer resolved absent due process of law where purposefully no appeal raising issues of race is heard to avoid a jury trial by a biased Supreme Court or its rubberstamp the court on the judiciary as a political objective.

6. Be advised and take notice of the following as taken from the referenced 1999 filing and is absolutely a part of the records contained at the: COURT ON THE JUDICIARY.

"1. The judge referenced, in an absolute abuse of discretion used and otherwise employed the "shield of the Courts authority" to wrongfully and specifically advocate the interest of the defendants in particular regard to the June 18 1999 hearing and in the rendering of an order that is wrongful and outside the proper application of the law. The court in particular has disregarded the rule of law identified within this complaint and replaced it with a gross abuse of discretion with willful intent. The judge knowingly dismissed my legitimate complaint containing issues of merit without just cause. Further Judge Witham had in his possession as identified by the proper filing with the prothonotary on 21 June 1999 in an exceptional demonstration of timeliness in specific regard to June 18 1999 hearing the document in question contains the following

5.-

"Objection and complaint in regard to counsels for the defendants Attack on the merits while asserting a special appearance specific to the June 18 1999 motion hearing before the Honorable court". It is without question the actions of Judge Witham were wrongful in terms of judicial requirements and application of the courts authority carries with it great obligation to be fair to be just to recognized litigants arguments placed before the court." The exact racist scenario as was present in 1997 in regard the level of incompetence demonstrated by counsel on the record as to intentional malicious and purposeful racist motives and actions of a corrupt court in support thereof is present before the court now, once again involving Judge Vaughn and Patricia Murphy and Linda Carmichael as was the case with Judge Witham and Danielle Yearick in 1997.

7.    The continual violation of the complainants civil rights, goes unchanged and certification as a disabled citizen adds additional weight to the crimes as are herein incorporated into this action in consideration of the WHISTLE BLOWERS ACT and long term reprisal from the State and the State court in purposeful violation of R.I.C.O. act are herein incorporated into this complaint of both civil rights violation and also criminal racketeering by the court as a long term goal to prevent cases going to trial, an objective of the court to maintain the racist status quo due to systemic dysfunction. The existence of finding of fact as to court imposed unlawful bias documented in the long term in the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of 1996 provides the objective evidentiary basis for a finding of fact of specifically the court imposed racism in this action in regard to a continuing violation theory relevant to this particular case in a 10 to 20 year timeline with the ultimate goal of the court during that time to prevent a jury hearing these valid complaints and destruction of the enterprise.

6.

Sworn and Subscribed Before me
This    14th Day of December 2006

AFFIDAVIT OF OBSERVATION OF OBSTRUCTION OF JUSTICE AS A
ENTERPRISE OF THE COURT AND OF PERSONAL EXPERIENCE IN SUPPORT
DOCUMENT PURSUANT TO INVOKING OF THE WHISTLE BLOWERS ACT IN A
FEDERAL COURT AS DOCUMENTED IN THE DELAWARE SUPREME COURT
TASK FORCE ON RACIAL AND ETHNIC FAIRNESS REPORT OF 1996 IN A
RACIAL PROFILING CONTINUAL VIOLATION THEORY CONTEXT

1. The purpose of this particular filing is specifically, not only to document the material facts at issue but to register a obstruction of civil rights complaint. This particular affidavit of observation of obstruction of justice as a enterprise of the State Court and of personal experience, in support document, invoking the WHISTLE BLOWERS ACT in a federal court and or a State Court as a complaint taken against a pattern of racist conduct documented in the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of 1996 in specific regard to a racial profiling, continual violation theory context.

2. The purpose of the complaint is to expose long term and short term judicial corruption in the vindication of my good name and excellent credentials as a litigator and advocate. Know one in the States history has ever filed more civil rights racial discrimination suits demanding a jury trial than has Jerry L. Alston. Yet in a 25 year timeframe, in due consideration of the Delaware Supreme Court Task Force On Racial and Ethnic Fairness Report of 1996 documented, finding of racial bias no jury trial has ever been conducted.

3. There is no dispute as to the material fact according to Superior Court Judge Bifferoto in 1995 Jerry L. Alston was in fact the first Black person in Kent County to sue a Caucasian lawyer when Alston sued William Hudson without a lawyer. In Dover's long, and racist history, what a precedent to set as a person of Delaware of slave stock heritage. In fact there is no dispute as to the material fact Jerry L. Alston is among the few pro ses or lawyers Black or White that has beaten the State of Delaware in a State Court. There is no dispute as to the material fact Jerry L. Alston did win a decision over the State in 1999

4. There is no dispute as to the material fact several years ago I became physically disabled and registered with the State Voc Rehab the State of Delaware Vocational rehab certified several disability and had plaintiff examined by a doctor. Upon objective skills test evaluation and analysis of the State doctor it was determined by the State that Jerry L. Alston would excel as a lawyer possessing natural inherent ability according to the

States objective examination of Jerry L. Alston. It was at that time with the States Voc. Rehab assistance I successfully pursued a Par-Legal certification in a Delaware College.

5. There is no dispute as to the material fact no pro se person or Para-Legal has ever assisted in a suit taken and filed in the District Court of Delaware filed by the late Johnnie Cochrane and or his law firm, accept Jerry L. Alston when Jerry L. Alston assisted Mozell Hannah and the abandoned Hannah case filed by that law firm in 2001 and in fact one of the last cases the late Johnnie Cochrane or his law firm filed while he was still a viable part of the his firm law firm.

6. There is no dispute as to the material fact no pro se litigant in Delaware's long and racist history is the recipient of a written order of a sitting U.S. Supreme Court Justice [Samuel Allito ] the Order generated by the court of appeal for the Third Circuit in 2005 as one of the last if not the last case heard before Justice Allito's confirmation..

7. There is no dispute as to the material fact Jerry L. Alston has set many civil rights racial discrimination complaint precedents in the State of Delaware. I have proven to be knowledgeable about both Delaware law and history for example, ALSTON is a Delaware slave name, and the product of Delaware slavery which took place around 1623 my Delaware slave ancestor was owned by a Caucasian slave master named Alston.

It was mandated by the written will of the slave master Alston in question that all male slaves carry his name. As a historical footnote, it was not common practice back then that a slave carried the slave masters name, most often slaves were named after colors brown, green, white, black etc, and given last names like Roach, Branch, etc do in fact exist. It is a material fact only the wealthy or prominent Caucasian citizens had there human property carry their name as did Washington, Jefferson, Addams, and other slave owners.

Sworn and subscribed Before me

This 14th Day of December 2006

**OFFICE OF DISCIPLINARY COUNSEL**
SUPREME COURT OF THE STATE OF DELAWARE

Dec. 11 2006

FORMAL WRITTEN COMPLAINT OF SPECIFICALLY, PURPOSEFUL CIVIL
RIGHTS VIOLATION, IN DUE CONSIDERATION OF THE INVOKED R.I.C.O.
ACT, AGAINST JUDGE VAUGHN, IN CONCERT WITH PATRICIA MURPHY
AND LINDA CARMICHAEL, PURSUANT TO CONSPIRACY, PURPOSEFULLY IN
VIOLATION OF THE CODE OF ETHICS, AND RULES OF CIVIL PRACTICE, AND
IN REGARD TO LONG TERM EXTREME AND OUTRAGEOUS, UNLAWFUL
CONDUCT SIGNIFICANTLY, THE SAME AS THAT WITH JUDGE WITHAM, IN
CONCERT WITH IN PARTICULAR DANIELLE YEARICK,IN 1997 AS PRIMI FACI
DEMONSTRATION, OF THE A CONTINUAL VIOLATION THEORY, OF LAW.

1.  The specific purpose of this formal written complaint of specifically, purposeful civil
rights violation in due consideration of the invoked R.I.C.O. act, civil rights act,
disabilities and handicap act, a complaint taken against Judge Vaughn, in concert with
Patricia Murphy and Linda Carmichael, pursuant to active conspiracy, between them
purposefully in violation of U.S. and State constitutional due process of law
requirements, the code of ethics, and rules of civil practice, and in regard to long term
systemic pattern of extreme and outrageous, willful gross unlawful unconstitutional
conduct significantly, the same as that situation and circumstances of conspiracy and
obstruction of justice with Judge Witham, in "*Alston v. Hudson*" in unlawful concert with
Danielle Yearick, in 1997 a factual demonstration, of the continual violation theory, of
law in the past and currently, in due consideration of the findings of fact of racial bias
from the court and judges thereof by the Delaware Court as specifically documented in
the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of 1996.

2.  On July 28 2006 at the dismissal hearing, whereas and wherein Judge Vaughn was
caught in a demonstration of racial bias on the record on page 4 of the transcript whereas
although both parties spoke at the hearing only the defendants counsel was heard that day
or at any time the following initial departure from the truth, ethics, and the Rules of civil
practice perpetrated by Patricia Murphy in oral argument against the truth, facts and
plaintiff can be found. **Line page 2. 21-23** "immediately upon leaving the J.P. Court there
was an altercation between defendant and Plaintiff Alston" There is absolutely no dispute
as to the material fact altercation is defined by Webster's dictionary as "an angry or

*/·*

heated argument" in fact there was no altercation between defendant and plaintiff Alston upon leaving the J.P. Court further Trinette Scott will testify that there was no altercation in fact. As a purely legal matter I know as a matter of fact Patricia Murphy was not present on 20 Jan 2006 and her statement as a matter of law as to what she is not a witness to in fact evidences nothing. Given the fact she produced no witness and the material fact Trinette Scott was present at the hearing to speak for herself as to any material fact she may have witnessed Patricia Murphy's noted failure to examine her witness before the court Patricia Murphy's false statement on the record was an error. Independent statements of counsel lacking affidavits or a witness mean nothing and are placed on the record for disinformation by counsel. It is noted for the record unethical examples of racially motivated misquoting of plaintiff can be found on **page 3 Lines 4** "Mr. Alston **requested** that the capital police officer arrest." There is no objectively reasonable dispute as to the material fact Plaintiff demanded that Trinette Scott be arrested this is a subtle racist suggestion that particularly a Black man can only request not "demand" a male Caucasian law enforcement officer to act when a demand is made, another dubious colorable comment without substance from Patricia Murphy in fact can be found with the untrue and inaccurate utterance on the same **page line 11-16** "I should state that the January 20th JP court decision was a dispute over property. And in the JP court decision of January 20th, the JP court ordered that the defendant Trinette Scott return a----I think it was a Sony playstation to Mr. Alston"

There is no dispute as to the material fact you can not return from somewhere you never where and given the relevant fact Trinette Scott had exclusive control of the item 45 days and plaintiff did not, Ms. Murphy is factually and technically incorrect on the facts and the law at issue, in fact the substance of what Patricia Murphy is saying she should know is controlled by the rules of civil practice as they relate to legally controlling speech in fact and as a matter of law the author of the statement controls the utterance. The Feb 15 2006 order of the JP court references facts falsely asserted by Ms Murphy to be in the decision rendered on Jan 20 2006. The Jan.20 2006 order and action primarily involved a debt collection dispute whereas nothing was ordered to be returned by court order specifically to plaintiff in particular on Jan,20 2006. There is no dispute as to the objectively unreasonable statements and illustration of utter incompetence on the part of

-2-

Patricia Murphy **page 3 Lines 18-23**. "<u>following the altercation and the no contact order</u> <u>then defendant Scott was then in a position of being under two orders; one a no contact</u> <u>order with Mr. Alston issued by the Capital police and one an order of the JP court</u> <u>ordering that she return the Sony playstation</u>." Be advised and take particular notice Patricia Murphy is wrong on the facts and wrong on the law once again. Neither the Capital police agencies nor any other police agency within the State of Delaware issue no contact orders, no contact orders are issued by official and Judges most often in family court in domestic violence cases and in the JP courts of Delaware in assault cases.

3. By any objectively reasonable evaluation the statement in paragraph 2 of the court order appealed from is proven false there was no altercation whatsoever and saying the false statement twice does not some how make it a true statement. In fact as a matter of law a civil order is of lesser legal consequences and authority than a criminal complaint and order. I do not know where Patricia Murphy or Linda Carmichael went to law school but this is basic fundamental first year law student knowledge Patricia Murphy is apparently completely unaware of. In fact there was no genuine legal dilemma faced by Trinette Scott or official Parrott on Jan. 20 2006 in fact the item in question was purchased on 23 Dec 2006. There is no dispute as to the material fact plaintiff made written motion prior to the hearing of Jan 20 2006 on Jan 9 2006 demanding Ms. Scott bring the item to court 20 Jan. 2006, had Ms. Scott brought the item to court 20 Jan 2006 or the court ordered same, she could have turned the item over to plaintiff on 20 Jan. 2006 within the 30 day warrant of merchantability with no injury to the plaintiff. When Ms Scott mailed the item to plaintiff in bad faith violation of the lawful no contact order after assaulting plaintiff and subsequently keeping the item in question under her exclusive control for 45 days in violation specifically of the 30 day warrant of merchantability and the 30 day Best Buy return policy known to her she broke the law. There is no dispute as to the material fact in particular there was a civil order as a result of a civil action, and there subsequently was a assault by Ms. Scott on the plaintiff where in fact no altercation occurred and a criminal complaint was filed as a result of the assault perpetrated and admitted by Ms. Scott there was no lawful order rendered by the JP court relating to the civil matter thereafter the assault in Ms. Scott favor lawfully, nor could there be any purposefully unlawful order by official Parrott or the JP court on Feb 15

3.

2006 or any time thereafter the assault and the issuing of the no contact order. It is argued no lawful order would be made by any Court or from any competent official in foreseeable malicious gender preference favor of the violator Ms. Scott against the victims legitimate interest in clear and purposeful violation of the law, the no contact orders spirit and letter of the law and legal intent and binding authority of the law.

4. Due to the evidentiary nature of the entirety of page 4 of the transcript page four is specifically incorporated into paragraph 4, of this complaint as herein described with specificity as though that entire page in particular is present (attached). In regard to page four the following is noted for the record. It is evidence of a racist intent on the part of the trial Judge Vaughn and it exposes a lie purposefully placed on the record by Patricia Murphy, Patricia Murphy's material fabrication, falsehoods, unethical conduct are the core issue in the complaint which were factual and material misrepresentation placed on the record of these proceedings purposely by Patricia Murphy. For example at no time did I tell anything to Patricia Murphy or officer Desaulniers, there was no statement to the affect "asked if Mr. Alston felt threatened or harassed by this specific contact, and Mr. Alston said he did not." The is no dispute on 28 July 2006 upon Plaintiff's objection to this clearly unethical acts, instead of reprimanding her Judge Vaughn reprimanded the Plaintiff it was at that point I knew the fix was in, and Judge Vaughn was by any objective and reasonable analysis racist biased and unreasonable and I would not receive a fair hearing. Be advised Patricia Murphy falsely asserted 10 Delaware C., 4001 has a 2 part test for immunity in fact it is a three part test and once again Patricia Murphy is wrong on the law and should have been sanctioned or reprimanded as he did to plaintiff on page 4 of the transcript of record and absolutely should not have aided and abetted Patricia Murphy as he in fact unlawfully did in her incompetence. There is no objectively reasonable dispute as to the material fact had this action been placed before a jury as demanded plaintiff would have won. In a jury trial there would have been no racist Judge in purposeful conspiracy with Patricia Murphy and the State in violation of due process and plaintiff's absolute civil right to a fair hearing before a jury not a biased racist judge.

5. Be advised and take notice that in fact plaintiff produced a clear and compelling showing of the outlined statutorial exceptions to the state tort act ignored by the racist actions of Judge Vaughn in favor of counsel's inept and incompetent presentation.

4.

For example on **page 7 Line 12-16** from the transcript Plaintiff asserted the following "the State of Delaware Tort Claim Act, which is 10 Delaware C., Section 4001, grants immunity to State or public officers or employees if---and it is that legally defining "if" that im here today to represent your honor." Be advised and take notice of **page 8 and 9 lines 20-23 and 1-2** "Counsel herein above has purposefully and unethically misquoted plaintiff and purposefully misquoted the law in meritless disregard to the material application of 10 Delaware C., Section 4001, three part test as articulated by plaintiff."

6.   There is no dispute as to the material fact **page 10 lines 14-21** "I herein place formal notice of particular and specific written demand before the court that the particular noted counsel immediately cease and desist the wrongful practice objected to, which is misquoting me in terms of the documentation that she is writing in assertions of statements asserted to be from me that are not from me." A final misquotation of Patricia Murphy can be found on **page 12 lines 1-8** "Page 2, "it is alleged that they acted with gross and wanton negligence in bad faith disregard of the law and due process and are not exempt or immune from liability.' that's on page 2 of the complaint." This particular false assertion of Patricia Murphy proven to be false by the record the court is bound by are like the many others false or incorrect statements she made on the record maliciously ignored by the racist trial Judge caught in conspiracy to defraud the record with her.

7.   There is no dispute as to the material fact that the issue of **"objection to counsel's purposeful misquoting"** was in fact placed timely before the biased court at the 28 July 2006 hearing and oral argument on that particular date purposefully ignored by the biased racist Judge Vaughn illegally in Patricia Murphy's favor the neutral objective nonbiased record does not ignore Plaintiff, the record supports, on the plaintiff's version of the facts. There is no reasonable or objective dispute that Patricia Murphy was not the winning advocate 28 July 2006 Plaintiff was the winning party limited by the illegality of a corrupt Judge acting in violation of due process of law in a unconstitutional denial of the equal protection of the law purposefully with malicious intent. By any fair objectively reasonable non biased analysis Patricia Murphy was defeated by Alston in oral argument, in motion practice, in briefing the court, and in everyway exposed Patricia Murphy to be a inept and incompetent counsel, unlawfully aided and abetted by a racist Judge Vaughn in purposeful violation of the law to oppress this particular litigant due to code case law.

Sworn and subscribed Before me
This 14 Day of December 200...

**OFFICE OF DISCIPLINARY COUNSEL**
SUPREME COURT OF THE STATE OF DELAWARE

Dec. 22 2006

## SECOND NOTICE OF FORMAL WRITTEN COMPLAINT, FILED DECEMBER 11 2006 AND MEMORANDUM OF RECORD AND WRITTEN RESPONSE TO THE DEC.20 2006 INAPPROPRIATE VOICE MAIL OF ANDREA L. ROCANELLI

Be advised and take particular notice on Dec. 20 2006 I Jerry L. Alston received the following voice mail objected to in both form and content from Andrea L. Rocanelli.:

*"Hello this is Andrea Rocanelli from the Office of Disciplinary Counsel calling for Jerry*

*Alston returning his call, to the Office of Disciplinary Counsel. I have reviewed the*

*complaints submitted, and it is not possible for us to take any action with respect to those*

*complaints unless, Mr. Alston re-files them and identifies the lawyers specifically whose*

*conduct is at issue, and also identify the conduct not in terms of federal statutes but in*

*terms of the rules of professional conduct and violation of the rules of professional*

*conduct."* Purposeful obstruction of the complaints process is a civil rights violation.

1. Be advised and take particular notice there was no competent review by this office of my initial complaint given the material fact in fact, it is absolutely possible to file the initial complaint, and for this office to take action without the interference of purposeful delay noted. There is no objectively reasonable legitimate reason for re-filing of my initial complaint given the fact all the lawyers are identified by name and activity with specificity and particularity in the initial filing including two Affidavits which serve a legal purpose in support of the filings authenticity. Is the racist intent of this office the real reason for your purposeful interference with my particular documents? For the record be advised and take particular notice there will be no re-filing of my initial complaint. What you are saying is unjustified and objectively unreasonable circumstantially and is not true as a proposition and amounts to purposeful obstruction of the complaints process by you, your actions are unlawful, biased, and racially discriminatory, had my race and color not have been an issue or if I were white the initial complaint would have been filed and processed by you without the noted interference with the complaints process. If

supplemental information is needed it will be provided. Nevertheless since you raised the issue of the written requirements pursuant to the Rules of Professional Conduct send me a current copy of those Rules of professional conduct that lawyers in the State are accountable to, and that you are referring to, in your voice mail of 20 Dec.2006, wherein you refer to the Rules noted. Please identifying specifically all the various violations of the Rule in a current complete copy of the entire Rules of professional conduct.

2, Specifically what are the rules and protocols for filing a initial complaint before the disciplinary counsel? How many employees of this office are Black persons? Whereas race is an issue, and whereas race is at issue, a work force of Black persons will have a bias towards Black people. There is no dispute as to the material fact a completely Caucasian office like this one will and does demonstrate racial bias in favor of Caucasians it is called human nature and everybody that is human has it and does it.

3. Objection is herein filed in writing whereas the rules have not been provided before any merit less purposeful and foreseeably adverse action is taken by this office to re-file the initial complaint. Specifically what are the rules and protocols that have not been met in terms of filing of the initial complaint under the noted unique circumstances. The condescending tone of your voice mail is particularly objectionable in a racial discrimination complaint process context whereas the complaint is taken against Caucasian lawyers before a Disciplinary counsel of Caucasian lawyers and is indicative by my observation and experience of purposeful subtle but rather disturbing racial bias in terms of delay tactics and in fact constitutes racial and status bias and is not appreciated.

4. There is no objectively reasonable dispute as to the material fact it is absolutely possible by any objectively reasonable unbiased standard where race and status is not a issue, to take the required action of simply filing the initial complaint without interference, or delay which is demanded of this particular office without further noted illegal delay, or interference, which you know, you and or this office has a history and a pattern of obstructing this type of racial discrimination civil rights complaint, under these specific circumstances noted of a racial discrimination civil rights complaint of observed and experienced unlawful racial bias documented in a 25 year time frame, in a racial profiling context by the State, as the background of this particular racially motivated civil action of appeal, this is not a popularity contest it is required unobstructed due process.

5. The initial complaint specifically filed on Dec. 11 2006 is proper in form and content and is specifically incorporated into this particular current second filing of Dec. 22 2006 in its entirety as though and as if it were placed herein this **second formal written filing** word for word to include the 2 attached AFFIDAVITS. Be advised and take particular notice the initial filing of <u>Dec. 11 2006 will not be refiled</u>, as you indicated in your objectionable voice mail noting re-filing as a condition for taking the initial complaint.

6. Be advised and take particular notice, if this office and you refuse to process this initial formal written complaint as written a second time pursuant to this second notice as you suggest in your voice mail, that specific act and activity of the failure by this office to acknowledge the initial filing of a "FORMAL WRITTEN COMPLAINT filed Dec. 11 2006 will be pursued as a separate civil action against this office in response to blatant and obvious purposeful discriminatory conduct of this office and a separate issue of your purposeful denial of the civil due process right of unobstructed complaint and obstruction of the complaints process predicated on race and status as a separate action will be filed. The actions complained of are indicative of a systemic pattern of racial bias and would be a civil complaint pursuant to violation of Del. 10. Sec.C 4001 will be filed against you and this office. The use of pretext noted in this particular filing to mask racial discrimination will not be tolerated. Be advised and take notice civil suit will be filed in a Delaware Court if the suggested interference takes place obstructing my initial complaint. If any additional information is needed as a supplement it will be provided upon request in the mean time file the initial formal complaint without delay or interference as noted.

7. There is no objectively reasonable dispute that the initial complaint filed Dec.11 2006 was specific and the particular facts were supported with two affidavits in particular that identified **Patricia Murphy and Linda Carmichael** in the present context of the complaint and **Danielle Yearick** in the past context of complaint. Whereas there is no statute limitation as a matter of law as to the initial charge of conspiracy in the State of Delaware or on documented racial bias in a racial profiling context and purposefully racist environment of the judicial system noted in the racketeering influence and corrupt organizations act context the complaint is valid. The substance of the complaints issues are in fact documented in the Delaware Supreme Court Task Force on Racial and Ethnic Fairness Report of 1996 in application to a continual violation theory context time frame.

*[signature]* 22 Dec. 2006

J.L-Anston
406 Amoli
Generals Greene
Dover DE 17901

 

Clerk of the Court, Delaware District Court.
U.S. Courthouse Lock Box 18
844 N. King St. Wilmington DE 19801



FIRST CLASS

